IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Reginald A. Valentine, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 0:18-3309-BHH<br><br>**<u>ORDER</u>** |

This matter is before the Court on Plaintiff Reginald A. Valentine's ("Plaintiff" or "Valentine") pro se complaint filed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision, which denied Plaintiff's claims for disability insurance benefits and supplemental security income. The record includes the report and recommendation ("Report") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), D.S.C.

In the Report, the Magistrate Judge recommends that the Court grant the Commissioner's motion to dismiss this action as untimely filed. Attached to the Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. Plaintiff requested an extension of time to file objections, which the Court granted. On January 2, 2020, the Court received a letter from Plaintiff explaining that he moved out of his apartment in April of 2018 and including a final water bill in support.

In response to Valentine's January filing, the Court entered a notice of evidentiary hearing, set for April 22, 2020, instructing Valentine as follows:

> Mr. Valentine is advised that during the hearing he will have an opportunity to testify under oath as to, among other things, what notice he received that the Appeals Council denied his request for review and what communication he had with his prior attorney about that denial, and he will be subject to cross-examination by the Government's attorney. Mr. Valentine will also have an opportunity, along with the Government, to present evidence in accordance with the Federal Rules of Evidence.

(ECF No. 62.) Subsequently, the Commissioner filed a brief in support of a decision without an evidentiary hearing. (ECF No. 65.) To date, Valentine has not responded to the Commissioner's brief.

In light of the ongoing COVID-19 pandemic, the Court cancelled the evidentiary hearing scheduled for April 22. (ECF No. 67.) Now, after a thorough review of the record, including the Commissioner's brief in support of a decision without an evidentiary hearing, the Court finds no evidentiary hearing necessary, and the Court resolves the issues Court agrees with the Commissioner that no evidentiary hearing is necessary to resolve the issues presented in this case.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must

'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

In the Report, the Magistrate Judge explained the procedural history of this case as follows. Plaintiff filed for disability insurance benefits and supplemental security income In October of 2014. His applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ"). A hearing was held on September 25, 2017, at which Plaintiff, who was represented by a non-attorney representative, appeared and testified. After hearing from a vocational expert ("VE"), the ALJ issued a decision on October 25, 2017, concluding that Plaintiff was not disabled from September 1, 2014, through the date of the decision.

The Appeals Council denied Plaintiff's request for review on September 26, 2018, making the ALJ's decision the final decision of the Commissioner. On the same date, the Appeals Council sent notice via U.S. mail, addressed to Valentine, with a copy to Valentine's non-attorney representative. The notice specifically informed Valentine of the right to commence a civil action within 60 days from the date of receiving the notice, and explained that the date of receipt was presumed to be five days after the date of the notice. The notice also explained that any request for an extension of the 60-day time period must be made in writing. Plaintiff filed this action on December 7, 2018.

As the Magistrate Judge noted, the 60-day statute of limitations is jurisdictional and is subject to equitable tolling. *Bowen v. City of New York*, 476 U.S. 467, 479-80 (1986). Equitable tolling is only appropriate, however, in exceptional circumstances. *Hyatt v. Heckler*, 807 F.2d 376, 380-81 (4th Cir. 1986), *cert. denied*, 484 U.S. 820 (1987). Here, because the notice from the Appeals Council is dated September 26, 2018, allowing for five

days mailing, Plaintiff is presumed to have received the notice on October 1, 2018, and the time for Plaintiff to file a civil action therefore expired 60 days later on November 30, 2018, unless Plaintiff can make a reasonable showing that he did not receive the notice. Because the Magistrate Judge determined that Plaintiff presented no affirmative evidence that he actually received the notice more than five days after its issuance, the Magistrate Judge agreed with the Commissioner that this action is subject to dismissal as untimely. In addition, the Magistrate Judge found that, even accepting Plaintiff's unverified allegations that he was not living at the address to which the Appeals Council mailed the notice, and that his lawyer was aware of his address changes because he was homeless and using different addresses, such statements were insufficient to demonstrate exceptional circumstances warranting equitable tolling.

Rather than filing specific objections to the Magistrate Judge's Report, as previously explained, Plaintiff submitted a letter again stating that he moved out in April of 2018, along with a water bill in his name dated August 13, 2018. (ECF Nos. 61 and 61-1.) Again, even viewing this information in the light most favorable to Plaintiff and accepting his unverified allegations as true, the Court agrees with the Magistrate Judge that the information is insufficient to demonstrate exceptional circumstances warranting equitable tolling, because nowhere does Plaintiff dispute that his attorneys timely received the notice from the Appeals Council. According to the applicable regulations, "a notice or request sent to your representative will have the same force and effect as if it had been sent to you." 20 C.F.R. §§ 404.1715(b), 416.1515(b). Ultimately, because there is no dispute that Plaintiff's representatives received the notice by October 1, 2018, Plaintiff was required to file this action by November 30, 2018, which he failed to do. Therefore, the Court agrees with the

Magistrate Judge that this action is subject to dismissal as untimely filed.

Based on the foregoing, the Court hereby adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 53), and the Court grants the Commissioner's motion to dismiss (ECF No. 45).

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

August 28, 2020
Charleston, South Carolina

5